UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER SPARKS and SHANE
SPARKS,

        Plaintiffs,

v.                                              Case No: 2:17-cv-388-FtM-38CM

TARGET CORPORATION,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiffs Jennifer Sparks and Shane Sparks' Opposition to Removal (Doc. 13), to which Defendant Target Corporation has filed a response (Doc. 17). This matter is ripe for review.

## **BACKGROUND**

This is a slip and fall case. While shopping at a Target store, Jennifer Sparks fell on her knee resulting in a patella fracture. (Doc. 2 at ¶ 6; Doc. 17 at 2). She underwent two outpatient surgeries and attended physical therapy. (Doc. 13 at 4; Doc. 17 at 2-3, 5). She allegedly walks with a limp, is in pain, and is limited in her daily activities. (Doc. 13-3 at 1-3).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Because of the accident, Plaintiffs sued Target in state court on October 4, 2016. (Doc. 2). They claimed damages in excess of $15,000. Over the next two months, Target sent Plaintiffs interrogatories, a request for production, and a request for admissions. (Doc. 17-1). Plaintiffs provided non-verified responses to Target's interrogatories and requests for production on February 22, 2017. (Doc. 17 at ¶¶ 4-6). Although Ms. Sparks was deposed a week later, she did not respond to the request for admissions until June 16, 2017, which was only after Target moved to compel. (Doc. 17 at ¶¶ 8, 13; Doc. 17-8; Doc. 13-3). In the request for admissions, Plaintiffs denied that the amount in controversy did not exceed $75,000, exclusive of interest and costs. (Doc. 17-11 at ¶¶ 1-2). Target thereafter removed the case to this Court, citing diversity jurisdiction as the basis for subject matter jurisdiction. (Doc. 1). Plaintiffs now oppose the removal. (Doc. 13).

## DISCUSSION

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). To have original jurisdiction the amount in controversy exceeds $75,000, exclusive of interest and costs, and there must be complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

The removing party must also satisfy the removal statute's procedural requirements. Under 28 U.S.C. § 1446(b)(1), a defendant may remove a civil action by filing a notice of removal within thirty days of receipt of the initial pleading. If the case is not removable based on the initial pleading, the defendant may file a notice of removal within thirty days of receipt "of a copy of an amended pleading, motion, order, or other

paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). Pertinent here, the other paper "must contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery, 483 F.3d at 1213 n.63 (citations omitted).

Here, the parties do not dispute this case qualifies for removal. Instead, they square off as to when the thirty-day countdown for removal started. The answer to which will render Target's removal timely or untimely. According to Target, Plaintiffs' admission in June 2017 that their damages exceed $75,000 triggered the countdown because that is when it first knew, by a preponderance of the evidence, this case was removable. Plaintiffs disagree. They argue February 2017 is the operative month. They assert Target knew – or should have known – removal was possible then because of their interrogatory answers, document production, and Sparks' deposition testimony.

In February 2017, Target knew only that Sparks' medical bills totaled $17,384.46 from Plaintiffs' interrogatory responses. (Doc. 17 at ¶ 10; Doc. 17-2 at 4-5). This is because Plaintiffs provided no medical records, bills, or expenses incurred as the company requested. Nor did they provide any payments from collateral sources. And Sparks' testimony of a future surgery – "if and when" she decided to pursue it – fared no better in triggering the thirty-day countdown. (Doc. 13-3 at 1). At bottom, Target did not have sufficient evidence to show that the amount in controversy exceeded the $75,000 jurisdictional minimum until Plaintiffs admitted so in June 2017. And only then did Target have "a reasonable basis to conclude that the amount in controversy requirement had been met." Wallace v. Home Depot USA, Inc., No. 8:15-cv-474, 2015 WL 1809265, at *2-3 (M.D. Fla. Apr. 20, 2015) (denying a motion to remand because, in part, a medical

report given to the defendant prior to the suit did not alone establish the amount in controversy).  The Court finds that Target has timely removed this case.

Accordingly, it is now

**ORDERED:**

Plaintiffs Jennifer Sparks and Shane Sparks' Opposition to Removal (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of September 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record